# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

    Plaintiff,

    v.                                                     Case No. 08-C-705

JERRY'S TOBACCO & BOOK SHOP
d/b/a PAGES & PIPES,

    Defendant.

## CONSENT DECREE AND ORDER

This action was filed by the Equal Employment Opportunity Commission ("Commission") in March 2009, pursuant to the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12117(a). The Commission alleged that Defendant Jerry's Tobacco & Book Shops d/b/a Pages & Pipes ("Pages & Pipes") violated the ADA, 42 U.S.C. § 12117(a), when it terminated Thomas Pompa, a qualified individual with a disability on or about July 11, 2006, after learning that he had no peripheral vision and was legally blind because of retinitis pigmentosa. Neither party admits the claims or defenses of the other.

The Commission and Defendant Pages & Pipes (the "parties") have agreed to resolve this matter pursuant to this Consent Decree.

**NOW, THEREFORE,** the Court having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings, record and stipulations of the parties, it is **ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Court has jurisdiction over the subject matter of this action and over the parties for purposes of entering and enforcing this Decree.

2. The terms of this Decree are adequate, fair, reasonable, equitable and just.

3. This Decree conforms with the Federal Rules of Civil Procedure and is not in derogation of the rights or privileges of any person.  The entry of this Decree will further the objectives of the ADA, and will be in the best interests of the Commission and Pages & Pipes, those for whom EEOC seeks relief, and the public.

4. This Decree resolves all claims arising out of the Charge of Discrimination filed by Thomas J. Pompa against Pages & Pipes, EEOC Charge No. 443-2006-02722.  The parties further agree that this Decree does not resolve any other claims.

**INJUNCTIVE RELIEF**

1. **Injunction**

    Defendant shall not discriminate on the basis of disability, including but not limited to discharge or failing to provide reasonable accommodations.

2. **No Retaliation**
    Defendant will not retaliate against any person because he or she has engaged in protected activity under the ADA.

3. **Training**
    Defendant shall provide training with regard to the Americans with Disabilities Act ("ADA") to all of its employees, managers, supervisors, and all others with day-to-day ADA responsibility in its book stores for one year. The training may be done by video **in** Defendant's Egg Harbor, WI store**.**  Beginning the date of entry of this Consent Decree and Order, Defendant shall provide the EEOC's Milwaukee Area Office with a list of those trained and the date and description of the training provided.  Such training shall be conducted by one or more outside trainers chosen by Defendant with the consent of the Commission, and shall include training in regard to disability discrimination, including reasonable accommodations, and the ADA.

4. **Posting**

    Defendant shall place a public notice, in a conspicuous place, at its book stores for one year from the date of entry of this Consent Decree and Order.  The notice shall be in the form attached hereto as Exhibit A and captioned "Notice To All Employees."

5. **Dissemination of Policy Statement**

    Defendant agrees to issue and disseminate, within 30 days of execution of this Consent Decree, a statement to all of its employees, managers, supervisors, and all others with day-to-day ADA responsibility in its book stores, which shall, at a minimum, affirm its obligation and that of Defendant's managers to comply with the ADA, and stating that Defendant's employees have a right to file charges of discrimination with the EEOC.  Defendant shall re-issue the policy statement on an annual basis **for three (3) years**, to all of its employees, managers, supervisors, and all others with day-to-day ADA responsibility.

2

6. **Certification to Commission**

Upon compliance with paragraph 5 of this Consent Decree, Defendant shall promptly certify to the undersigned counsel for the Commission that Defendants have complied with it.

7. **Record Retention**

For one year from the entry of this Consent Decree and Order, Defendant shall maintain records containing the name of every employee who requests an accommodation for a disability, and the result of the request. Defendant shall make such records available for inspection by the Commission pursuant to Paragraph 9 herein.

8. **Reporting**

For one year from the entry of this Consent Decree and Order, Defendant shall report in writing, to the undersigned counsel for the Commission (on a semiannual basis on June 30 and December 31 starting with December 31, 2009), the name, address, phone number, job title, of each employee who requests an accommodation due to a disability during that year and whether the request was granted. Defendant shall also maintain such documents for the term of this Decree, and shall make such documents available for inspection by the Commission pursuant to Paragraph 6 herein. Upon the termination of this Decree, Defendant, shall retain documents pursuant to 29 C.F.R. §1602.14.

9. **Right of Entry for Inspection**

During the term of this Decree, The Commission shall have the right, on 48 hours' written notice to Defendant, to enter upon Defendant's offices and inspect any relevant documents or records for the purpose of determining Defendant's compliance with this Consent Decree and Order.

**MONETARY RELIEF**

Defendant agrees, within 30 days of signature of this Consent Decree and Order by the Court, to pay Ten Thousand Dollars ($10,000.00) to Mr. Pompa. Defendant shall mail the payment to Thomas J. Pompa, 1918 North Bennett Street, Appleton, WI 54914, and shall simultaneously provide a copy of the payment check(s) to the undersigned counsel for the Commission.

**SO ORDERED, ADJUDGED AND DECREED this 17th day of July, 2009.**

                                          **s/ William C. Griesbach**
                                          **Honorable William C. Griesbach**
                                          **United States District Court Judge**

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/John C. Hendrickson
JOHN C. HENDRICKSON
Regional Attorney

/s/ Jean P. Kamp
Jean P. Kamp
Associate Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
310 West Wisconsin Avenue, Suite 800
Milwaukee, Wisconsin 53203

JERRY'S TOBACCO & BOOK SHOPS
D/B/A PAGES & PIPES

By: s/ Lisa Baiocchi

July 6, 2009
Date

CONSTANGY BROOKS & SMITH, LLP
Wisconsin Office
330 East Kilbourn Avenue
Suite 827
Milwaukee, WI 53202
Attorneys for Defendant

4